IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| WINZOR KRAMER, | * | |
| Plaintiffs, | * | |
| v. | * | Civil Case No.: 1:20-cv-02861-JMC |
| MICHAEL PANTOS, DMD, *et al* | * | |
| | * | |
| Defendants. | | |
| | * | |

* * * * * * * * * * * * * * *

## MEMORANDUM OPINION

This is a dental malpractice case. The modified discovery deadline was June 1, 2021. Currently pending before the Court are Plaintiff's Motion to Strike one of Defendant's retained experts, Michael Schwartz, D.D.S. (ECF No. 27), and Defendant's Motion to Modify Scheduling Order (ECF No. 28). The Court has also reviewed the parties' respective oppositions, replies and surreplies. (ECF Nos. 29, 30, 31, 38 and 39). For the reasons discussed at the June 30, 2021 oral argument and as set forth more fully below, Plaintiff's Motion to Strike is denied without prejudice to their ability to challenge the admissibility at trial of Dr. Schwartz's testimony pursuant to Rules 702 and 703, and Defendant's Motion to [Further] Modify Scheduling Order is granted in part and denied in part.[1]

**I. BACKGROUND**

This case was filed on October 2, 2020. (ECF No. 1). The Court entered its scheduling order on November 18, 2020, (ECF No. 12) and, after the parties consented to proceed before a

---

[1] Plaintiff also made an oral motion to strike Defendant's Surreply (ECF No. 39), which the Court denied from the bench during oral argument.

U.S. Magistrate Judge for all proceedings, that order was adopted on December 11, 2020. (ECF No. 18). The scheduling order specified, *inter alia*, that initial expert disclosures from the two sides would be due on January 19, 2021 and February 16, 2021, respectively, that the Plaintiff designate any rebuttal disclosures by March 2, 2021, and that both parties provide any necessary supplementation of their expert disclosures by March 9, 2021. *Id*. It also established a discovery deadline of April 2, 2021. *Id*. Finally, the scheduling order indicated that those dates would not be changed absent good cause.[2] *Id*.

On or about December 14, 2020, after Plaintiff requested deposition dates for Defendant, Defendant indicated to Plaintiff he intended to seek a sixty (60) day extension of all deadlines, and Plaintiff agreed to consent should Defendant seek such an extension. (ECF No. 27-1 at 2). No extension was immediately sought. Accordingly, per the original scheduling order, Plaintiff filed his expert disclosure on its original due date of January 19, 2021. *Id*.

Upon receiving Plaintiff's expert disclosure, on or about January 20, 2021, Defendant contacted Chambers and, after a telephone conference with both parties wherein Plaintiff reiterated Plaintiff's consent to Defendant's request, on January 29, 2021, the Court modified the scheduling order. (ECF No. 21). The Court extended the schedule by approximately sixty (60) days such that the parties' expert disclosures became due on March 22, 2021 and April 19, 2021, respectively, with any rebuttal disclosures from Plaintiff due May 3, 2021, and with a final supplementation deadline of May 20, 2021. *Id*. The discovery deadline was extended to June 1, 2021. *Id*.

---

[2] At the time it was originally issued by U.S. District Judge George Russell, the order provided the opportunity for either side to request a modification or a scheduling conference by December 2, 2020. (ECF No. 12). It also set a date of December 11, 2020 for a conference call to discuss any necessary modifications to the schedule. *Id*. Prior to that date, the parties jointly agreed to proceed before a U.S. Magistrate Judge. (ECF Nos. 17 and 19). It does not appear from a review of the docket that either side requested any modification to the original schedule at that time, and neither party has indicated otherwise in their respective pleadings. When the scheduling order was adopted on December 11, 2020, it also invited the parties to contact Chambers if either felt that a status conference was appropriate at that time. (ECF No. 18). Initially, neither side requested such a conference, however the parties initiated, and the Court convened, a telephone conference on January 25, 2021 which did modify the original schedule.

According to Plaintiff, diligent attempts were made between January and March of 2021 to move discovery along, including seeking responses to written discovery, trying to secure Defendant's deposition and requesting Defendant's Certificate of Meritorious Defense. (ECF No. 27-1 at 3; ECF No. 29-3). Having received no substantive response from Defendant as to any of those items, Plaintiff contacted the Court and, on a call with the Court on March 24, 2021, Defendant agreed to a deadline of April 2, 2021 for the then-outstanding items.[3] (ECF Nos. 27-1 at 3, and 27-2). Notably, Defendant had not made any discovery requests of Plaintiff as of that time.[4] (ECF No. 27-2.).

On March 22, 2021, Plaintiff reminded Defendant of the discovery deadline, requesting that if Defendant wished to take the deposition of Plaintiff and his experts, such depositions should be scheduled at least six weeks before the discovery deadline. (ECF No. 29-1 at 6). On March 23, 2021, Plaintiff followed this up by offering dates for those depositions even though Defendant had yet to respond. *Id*. On March 26, 2021, Plaintiff's counsel wrote Defense Counsel again requesting that the depositions be scheduled, and indicating that counsel would "work around your schedule to comply with the deadline." (ECF No. 29-5). Ultimately, this led only to the deposition of Defendant, Plaintiff, and his mother.

Defendant did not file his expert disclosures by the April 19, 2021 deadline. Plaintiff, however, nonetheless supplemented his expert disclosures on May 10, 2021, prior to the final supplementation deadline of May 20, 2021. (ECF No. 27-1 at 3). This apparently prompted Defendant to contact Plaintiff to indicate Defendant would file his *initial* expert disclosures

---

[3] Notwithstanding this, Defendant did not, in fact, complete all of the requested items until April 23, 2021. (ECF No. 27-1 at 3 and n. 2).

[4] Defendant had informally requested Plaintiff's healthcare records from Plaintiff, who provided them on November 16, 2020. (ECF No. 27-1 at 2 and n.1; ECF No. 29-2).

shortly, although that disclosure was not filed until May 21, 2021 (ECF No. 27-3), approximately ten days before the extended discovery deadline of June 1, 2021, and thirty-two days late.

In his disclosure, Defendant identified two retained experts, Dr. Curtis Wiltshire, D.D.S. (who, like Defendant, is a general orthodontist), and Dr. Michael Schwartz, D.D.S., an oral surgeon. (ECF No. 27-3). Defendant indicated that Dr. Wiltshire would be addressing standard of care, causation, Plaintiff's subsequent dental treatment, and future care needs. *Id*. As to Dr. Schwartz, Defendant's disclosure was more vague, indicating that Defendant expected that Dr. Schwartz would be commenting on Defendant's care "from his perspective as an oral surgeon," and would also be addressing possible future treatment. *Id*. Although Defendant provided a report from Dr. Wiltshire as required by FRCP 26(a)(2)(B),[5] no report was provided for Dr. Schwartz, apparently because Dr. Schwartz had not completed his review.[6] Additionally, Defendant identified seven of Defendant's treating health care providers, but did not indicate the expected subject matter of their testimony nor provide a summary of their expected opinions and facts relied upon as required by FRCP 26(a)(2)(C). Thus, this attempt at designating these treating providers as hybrid fact experts was also untimely and noncompliant.[7]

Plaintiff has moved to strike Defendant's designation of Dr. Schwartz as both untimely and noncompliant. Defendant opposes, attributing his failure to timely designate as an oversight attributable to Defense Counsel's failure to advise his assistant to calendar the new dates of the

---

[5] The Court has not been provided with Dr. Wiltshire's report and therefore cannot address whether the report is otherwise compliant with Rule 26. Because Plaintiff has not challenged the designation of Dr. Wiltshire, the Court assumes that Dr. Wiltshire's designation, though long delayed, was otherwise in conformance.

[6] This, of course, begs the question of how Dr. Schwartz could be designated as an expert in the absence of completing his review of the relevant materials.

[7] Plaintiff had originally identified these treating providers, but dropped them from his final designation. Plaintiff confirmed at oral argument that he was not seeking to call these treating providers as hybrid fact-expert witnesses under Rule 26(a)(2)(C).

modified scheduling order from January 25, 2021, and that allowing correction of that oversight will not prejudice Plaintiff given that a trial date has not yet been scheduled. (ECF No. 30 at 1). In his initial opposition, filed June 16, 2021, Defendant argued that Dr. Schwartz was extremely busy such that his review was still not complete, but "[n]ow that he has been apprised of the need to complete his review of the voluminous records and his report, he is proceeding with that work." *Id*. at 1–2. Finally, Defendant argued that striking Dr. Schwartz would work an outsized prejudice on Defendant, while allowing him to testify would be helpful to the finder of fact, and would not similarly prejudice Plaintiff given the relative young age of the case and lack of trial date. *Id*.

On June 24, 2021, Defendant finally filed Dr. Schwartz's long overdue report as part of his surreply. (ECF No. 38.) Plaintiff maintains that Dr. Schwartz's designation should be stricken as untimely and prejudicial. Further, Plaintiff argues that Dr. Schwartz's opinion as stated goes beyond his training and expertise, although the Court concludes that this argument is one to be made at trial pursuant to Federal Rules of Evidence 702 and 703.

In addition to arguing to allow for Dr. Schwartz's late designation, Defendant also moves again to modify the scheduling order. As indicated above, discovery closed on June 1, 2021—a date that had been previously extended at Defendant's request. Despite the extension, Defendant never sought the depositions of Plaintiff's experts, nor the depositions of any of Plaintiff's treating health care providers, including the ones listed in Defendant's untimely and initially noncompliant expert designation. In fact, but for continued prompting by Plaintiff, it does not appear that Defendant would have taken any discovery during the extended discovery period. Notwithstanding this inaction, Defendant now seeks a ninety (90) day extension of discovery in order to depose Plaintiff's experts and depose the seven identified treating health care providers.

(ECF No. 28-1). Essentially, Defendant seeks a "do-over," again arguing that Plaintiff is not prejudiced given the lack of trial date.

## II. DISCUSSION

### A. Motion to Strike Dr. Schwartz

Rule 26(a)(2)(B) requires that a party disclosing an expert witness provide a written report that includes, *inter alia*, "(i) a complete statement of all opinions the witness will express and the basis and reasons for them; (ii) the facts or data considered by the witness in forming them; (iii) any exhibits that will be used to summarize or support them." Fed. R. Civ. P. 26(a)(2)(B). The disclosure must be made by the date set in the scheduling order governing the case, or if the Court has not set a deadline, then at least ninety days before trial. Fed. R. Civ. P. 26(a)(2)(D). Rule 37(c)(1) provides for sanctions for failure to comply with Rule 26(a)(2)(B). Specifically, it states: "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1); *see also Boyd v. Armstrong*, Civ. No. ELH-17-2849, 2019 WL 1440876, at *10 (D. Md. Mar. 29, 2019).

In the present case, there is no question that the Defendant's designation of Dr. Schwartz was untimely and noncompliant. Defendant attributes the lateness of the designation to Defense Counsel's failure to instruct his assistant to calendar the dates of the Court's January 25, 2021 modified scheduling order. The Court accepts that explanation as far as it goes; somehow the relief Defendant specifically sought (and then only after receiving Plaintiff's timely designation on January 19, 2021) was inadvertently not calendared at the time the modification was granted

on January 25, 2021.[8] But it would certainly be recommended practice to periodically revisit one's cases to ensure they were still on track with the host court's expectations over the ensuing months. This is especially so in this case, given Plaintiff's prompts for discovery responses *and* the filing of Defendant's Certificate of Merit (ultimately requiring a conference call with the Court), requests to schedule expert and party depositions, and reminders about the discovery deadline, all well in advance of Defendant's expert designation deadline.

Moreover, the designation, when finally filed, was (except as to Dr. Wiltshire) not compliant with Rule 26(a)(2). The description given for Dr. Schwartz's opinion was vague and, although that might have been remedied by a compliant expert report, no report was filed until seven days ago. Further, as to the seven treating physicians, no description of the subject matter, scope or factual basis for their anticipated options was provided. *See Moore v. Peitzmeier*, Civ. No. TDC-18-2151, 2020 WL 94467, at *12 (D. Md. Jan. 7, 2020) (quoting Fed. R. Civ. P. 26(a)(2)(C)). This is all despite Dr. Schwartz allegedly having the records since January of 2021 (ECF No. 27-1 at 8 and n.3), and despite Plaintiff providing Defendant with treatment records in November of 2020.

This is not a case, then, where, despite diligent efforts by Defendant, a timely designation could not be provided, a situation that sometimes occurs due to the schedules of counsel and their lay and expert witnesses when this Court routinely has granted the requested extension. To the contrary, the record is devoid of any steps taken by Defendant during the discovery period to obtain from Dr. Schwartz any sense of when his review might be complete (which, itself, would have provided an additional reason to review the scheduling order). In fact, only now, with the motion to strike pending and on the eve of the hearing on that motion, has Dr. Schwartz provided his

---

[8] Presumably, this would have left the "old" dates on Defense Counsel's calendar which, themselves, should have served as a prompt.

report. Thus, Defendant's failure to designate Dr. Schwartz in a timely fashion that was substantively compliant with Rule 26(a)(2)(B) was not substantially justified.

Whether this failure was harmless is intrinsically tied to the Court's analysis of whether Defendant's request to modify the scheduling order is appropriate, and is included in that discussion below.

### B. Motion to Modify Scheduling Order

"A court's scheduling order 'is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril.'" *CBX Techs., Inc. v. GCC Techs., LLC,* Civ. No. JKB10-2112, 2012 WL 3038639, at *4 (D. Md. July 24, 2012) (*quoting Potomac Elec. Power Co. v. Elec. Motor Supply, Inc.*, 190 F.R.D. 372, 376 (D. Md. 1999). Pursuant to FRCP Rule 16(b)(4), one seeking to amend a scheduling order must demonstrate good cause. "Good cause" exists if "'scheduling deadlines cannot be met despite a party's diligent efforts' . . . . Carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." *Id.* (quoting *Potomac Elec. Power Co.*, 190 F.R.D. at 375); *see also Faulconer v. Centra Health, Inc.*, 808 F. App'x 148, 152 (4th Cir. 2020); *Nourison Rug Corp. v. Parvizian*, 535 F.3d 295, 298 (4th Cir. 2008); *Wonasue v. Univ. of Maryland Alumni Ass'n*, 295 F.R.D. 104, 106–07 (D. Md. 2013). "The burden for demonstrating good cause rests on the moving party." *United States v. Hartford Accident & Indem. Co.*, Civ. No. JKB-14-2148, 2016 WL 386218, at *5 (D. Md. Feb. 2, 2016). Besides diligence, other factors in determining good cause include "the length of the delay and its effects, and whether the delay will prejudice the non-moving party." *Elat v. Ngoubene*, 993 F. Supp. 2d 497, 520 (D. Md. 2014) (*quoting Tawwaab v. Va. Linen Serv., Inc.*, 729 F. Supp. 2d 757, 768–69 (D. Md. 2010)).

Defendant proposes now not only to allow the late supplementation of his expert disclosure, but also the depositions of the seven treating providers and Plaintiff's three expert witnesses, none of which was sought during the discovery period, despite invitations to do so as detailed above. As with Defendant's failure to timely designate Dr. Schwartz, the Court finds that, during the discovery period, Defendant was not diligent in pursuing the discovery he now seeks. To the contrary, Defendant took no meaningful steps to accomplish any of it. Thus, the Court turns to the issue of whether these combined failures were harmless and whether allowing their correction now would cause undue prejudice to Plaintiff.

At the outset, the Court rejects the argument that the lack of a trial date, by itself, defeats any claim of prejudice. In the management of the Court's docket and trial calendar, a trial date will typically not be set until discovery is complete, a status report provided and dispositive motions, if any, are decided. Accordingly, no scheduling order could ever be effectively enforced because a violating party could always rely on the lack of a trial date to defeat a finding of prejudice. When discovery is delayed, the assignment of a trial date is also necessarily delayed. In that sense, Plaintiff can be said to be prejudiced in getting resolution of his case which, as alleged, includes the necessity of future treatment. If this second modification were granted, Defendant would already have delayed that process by approximately five months, when taken in conjunction with the first modification granted in January of 2021.

Moreover, the Court is not as optimistic as Defendant that the discovery he seeks could reasonably be accomplished in the additional ninety days sought. Defendant has not deposed nor begun to seek the depositions of the seven treating providers, each of whom could themselves retain counsel to defend their respective depositions, and whose schedules would also have to be taken into account. He has not deposed, nor (until now) requested to depose Plaintiff's expert

witnesses, who, as busy healthcare professionals, could not be expected to drop everything to accommodate Defendant, especially given Defendant's rejection of previous invitations to do so. Additionally, such depositions—combined with Dr. Schwartz's late report—could well make it necessary for Plaintiff's experts to revisit their opinions, and update their disclosures and reports, resulting in additional delay and expense to Plaintiff.

All of this does, however, need to be balanced against the relatively young age of this case, and the reality that the striking of a defense expert speaking to issues of future care could significantly undermine Defendant's ability to present a complete defense in this matter. Such a sanction against a party due to lack of diligence by that party's counsel, should not be undertaken lightly. Additionally, this Court concludes that it has the ability to limit the prejudice to Plaintiff by attaching conditions to any relief it grants to Defendant.

In light of all of this, the Court rules as follows. The Court will deny Plaintiff's Motion to Strike Dr. Schwartz, but reserve ruling on the ultimate admissibility of his opinions until trial. Faced with that hypothetical at oral argument, Plaintiff confirmed that it still does not seek Dr. Schwartz's deposition, and, of course, Plaintiff has no obligation to take same.

As for Defendant's Motion to Modify the Scheduling Order, the Court will grant it in part and deny it in part. The Court will grant the motion to allow Defendant to depose Plaintiff's three designated experts under the following conditions. First, to the extent that Dr. Schwartz's report requires Plaintiff's experts to supplement their previous reports, Defendant shall pay for the expert's reasonable time in preparing such supplementation. Such supplemental reports should be provided by September 17, 2021. Second, Plaintiff shall provide two alternative dates for each expert's deposition so that all such depositions can be completed by November 30, 2021 (unless Plaintiff requires a longer time or the parties otherwise agree). Defendant should take the

deposition on one of the two dates offered, or the deposition opportunity will be forfeited. Third, Defendant shall pay the reasonable expenses for these depositions, including the expert's deposition time.

The Court will also extend the deadline for requests for admissions until December 6, 2021. The parties advise that no dispositive motions are planned.

Defendant's Motion to Modify is otherwise denied. Defendant has known about the treating health care providers since November of 2020, yet made no effort to accomplish their depositions within the extended discovery period. Further, the attempted disclosure of these treating providers was untimely and defective under FRCP 26(a)(2)(C). These treating providers will not be permitted to give "hybrid expert" testimony at trial. However, because the identity of these witnesses and the treatment they rendered was known to both sides since November, 2020, they may be called by either side as fact witnesses to authenticate and explain their treatment records in this case, and any "expert" opinions are confined to those records.

The case will be scheduled for a five-day bench trial beginning on January 24, 2022. The Court will issue a separate order establishing a deadline for any motions in limine as well as for the filing of a joint pretrial order that is compliant with Local Rule 106.

Accordingly, Plaintiff's Motion to Strike (ECF No. 27) is **DENIED**; Defendants' Motion to [Further] Modify Scheduling Order (ECF No. 28) is **GRANTED IN PART AND DENIED IN PART**. A separate order follows.

Date: June 30, 2021  /s/
J. Mark Coulson
United States Magistrate Judge